FILED
November 21, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_\_Tyler Martin\_\_\_\_
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TERRY L. ODOM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. SA: 17-CV-00202-OLG |
| § | |
| BP EXPLORATION AND § | |
| PRODUCTION, INC., and BP § | |
| AMERICA PRODUCTION § | |
| COMPANY, § | |
| § | |
| Defendants. § | |

## ORDER ON REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (R&R), filed September 18, 2023, concerning Defendant's First Amended Motion for Summary Judgement (*see* R&R, Dkt. No. 148).

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen days. FED. R. CIV. P. 72(b)(2). Plaintiff, through counsel, was electronically served with a copy of the R&R on September 19, 2023, and timely filed her objections on October 31, 2023 (*see* Dkt. No. 153) in accordance with Magistrate Judge Bemporad's Order extending the deadline for objections to the R&R (*see* Dkt. No. 149).

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other*

*grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

The Court has conducted an independent review of the entire record, the applicable law, and a de novo review of the matters raised in Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court finds that Magistrate Judge Chestney's R&R correctly articulates and applies the facts and law.

As set forth in the R&R, Plaintiff has the burden of "prov[ing] that the legal cause of [her] claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mex.*, on Apr. 20, 2010, No. MDL 2179, 2021 WL 6053613, at *11 (E.D. La. Apr. 1, 2021). "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary" to sustain this burden. *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *see also Clark v. BP Expl. & Prod. Inc.*, No. 1:22CV105, 2023 WL 5028858, at *2 (S.D. Miss. Aug. 7, 2023) (citing *Allen*, 102 F.3d at 199).

The Fifth Circuit has developed a "two-step process" in examining the causation evidence in toxic tort cases. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007); *see, e.g., Stephens v. BP Expl. & Prod. Inc.*, No. 17-4294, 2022 WL 1642136, at *2 (E.D. La. May 24, 2022) (citing *Knight*, 482 F.3d at 351). First, plaintiff must show general causation, which means she must show that "a substance is capable of causing a particular injury or condition in the general population." *Knight*, 482 F.3d at 351. For Back-End Litigation Option (BELO) claims, the general-causation requirement places the burden on the plaintiff to "prove, at minimum, that exposure to a certain level of a certain substance for a certain period of time can cause a particular condition."

*Lee v. BP Expl. & Prod. Inc.*, No. 18-10381, 2020 WL 6106889, at *4 (E.D. La. Sept. 29, 2020); *see also Williams v. BP Expl. & Prod.*, No. 18-9753, 2019 WL 6615504, at *8 (E.D. La. Dec. 5, 2019) (same, citing *Knight*). Second, Plaintiff must show specific causation, which means she must show "whether a substance caused a particular individual's injury." *Knight*, 482 F.3d at 351 (citations omitted). Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence. *Id.* (citing *Raynor v. Merrell Pharm.*, 104 F.3d 1371, 1376 (D.C. Cir. 1997)). Accordingly, if the Court finds that there is no admissible general causation evidence, there is "no need to consider" specific causation. *Knight*, 482 F.3d at 351 (citing *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1329 (10th Cir. 2004)).

This Court agrees with Magistrate Judge Bemporad's finding that Plaintiff "failed to present competent summary judgement evidence on the issue of general causation," and did "not dispute that she lacks expert evidence as to specific causation." (R&R at 6–7.) Plaintiff does not object to such findings and instead argues that "critical evidence was not provided to the Plaintiff by the Defendants." (Dkt. No. 153.) Plaintiff suggests that her withdrawn experts, Dr. Stobbe, or "any other expert for that matter" would not be able to conduct exposure response assessments with the given evidence. (*Id.* at 6.) Yet, Plaintiff further explains that none of her "experts were aware that the sampling monitoring data being provided by the Defendants was censored and/or highly censored" and were only concerned that something "just did not add up." (*Id.*)

Further, "a general causation analysis does not depend upon particular sampling taken from the incident in question. Rather, a general causation expert is allowed to consult the entire universe of relevant epidemiological studies to support their opinion." *Smith v. BP Expl. & Prod., Inc.*, No. CV 22-842, 2023 WL 5000998, at *5 (E.D. La. Aug. 4, 2023) (citing *Heathington v. BP Expl. & Prod. Inc.*, No. CV 17-4353, 2022 WL 2986490, at *4 (E.D. La. July 28, 2022) ("Notably, this

[general causation] inquiry does not depend upon environmental sampling data taken as part of the incident.")).

A party cannot defeat summary judgement with conclusory allegations or unsubstantiated assertions, as is seen here. *Delta & Pine Land CO. v. Nationwide Agribusiness Inc. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citation omitted). Plaintiff has failed to show how the allegedly missing monitoring data has prevented her from providing an admissible general causation expert report. Thus, the Court agrees with Magistrate Judge Bemporad's finding that "Plaintiff has failed to present competent summary judgment evidence on the issue of general causation." (R&R at 6–7.) Considering the general causation requirements not being met, the Court need not address specific causation.

Accordingly, it is **ORDERED** that Magistrate Judge Bemporad's R&R (Dkt. No. 148) is **ADOPTED** in full. It is further **ORDERED** that the Defendants' First Amended Motion for Summary Judgment (Dkt. No. 133) is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

This case is **CLOSED**.

It is so **ORDERED**.

SIGNED this 20 day of November, 2023.

ORLANDO L. GARCIA
United States District Judge